**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

GRASS VALLEY TERRACE,
a California Limited Partnership, *et al*.,

Plaintiffs,

**File Nos. 98-726C; 98-726-4C**
**Chief Judge Edward J. Damich**

v.

THE UNITED STATES

Defendant.

**MOTION FOR SUBSTITUTION OF PLAINTIFF**

Plaintiffs and D & G Apartments hereby move, pursuant to Rules 25(a) and 17(b) of the Rules of the United States Court of Federal Claims, for the substitution of the partnership D & G Apartments as a plaintiff in this action in place of plaintiff Eileen Kothe. In support of this motion, plaintiffs show to the Court that:

1. D&G Apartments, a Minnesota General Partnership, owns two properties at issue in this case: D&G Apartments I and D&G Apartments II. *See* Loan Agreements for D&G Apartments I and D&G Apartments II (attached as Exhibits A & B to Declaration of Mark J. Blando ("Blando Decl.")). The closing documents for the FmHA loan were signed by the two partners who made up the D&G Apartments partnership at that time, Daryl Kothe and his son Glen Kothe. *Id.*

2. The partnership has remained in existence since its inception, though the individual partners have changed over time. *See* Deposition of Glenn Kothe ("Kothe Depo.") at 9-12 (attached as Blando Decl., Exhibit C). At the time that this action was filed in 1998, Daryl

Kothe had passed away and the partnership was held by Eileen Kothe (Daryl Kothe's wife) and her daughter, Shannon Guarmeros as partners.

3. Eileen Kothe then died in 2001, subsequent to the filing of this action. Kothe Depo. at 46 (attached as Blando Decl., Exhibit C). Through the probate process, Glen Kothe was appointed the personal representative of Ms. Kothe's estate. *See* Notice of Informal Probate of Will and Appointment of Personal Representative and Notice to Creditors ("Personal Rep. Appoint.") (attached as Blando Decl., Ex. D). The partnership is currently owned by the Kothe Family Limited Partnership, with Glen Kothe as the general partner, and Shannon Guarmeros. Kothe Depo. at 10-11 (attached as Blando Decl., Exhibit C).

4. On April 27, 2004, defendant took the deposition Glen Kothe based on his original and current interest in the partnership, as well as his capacity as personal representative of his mother's estate. *See* Kothe Depo. at 9-12 (attached hereto as Blando Decl., Exhibit C).

5. On or about February 17, 2005, defendant filed a Suggestion of Death under Rule 25(a)(1) stating that plaintiff Eileen Kothe passed away in 2001.

6. D&G Apartments is a proper party to pursue the claims of plaintiff Eileen Kothe under RCFC 17(b) because the partnership currently is and always has been the owner of the two properties at issue. Indeed, D&G Apartments would have been a proper plaintiff at the time that this action was filed.

7. In addition, the claims of plaintiff Eileen Kothe, as causes of action for breach of contract and a Fifth Amendment taking of property, are compensatory in nature and thus did not abate upon her death. *See Acebal v. United States*, 60 Fed. Cl. 551, 555 (2004) ("Actions in the nature of a penalty thus abate on death . . . . A cause of action for debt, on the other hand, survives the death of a plaintiff."); *see also Palazzolo v. Rhode Island*, 533 U.S. 606 (2001)

(takings claims survives a transfer of ownership interest); *Goodwyn v. United States,* 33 Fed. Cl. 730 (1995) (judgment in favor of plaintiff's takings claim upheld even though a named plaintiff was deceased when action commenced).

8. In the alternative, Glen Kothe is also a proper party to pursue the claims of Eileen Kothe under RCFC 17(b) because he is both the personal representative and an heir and successor in interest to Eileen Kothe's estate. *See* Personal Rep. Appoint. (attached as Blando Decl., Ex. D); *see also Acebal*, 60 Fed. Cl. at 557 (holding, under the Minnesota law, that a personal representative "has standing to sue or be sued in a representative capacity"); *Sinito v. Dept. of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999) (holding, under Fed. R. Civ. P. 25(a)(1), that "the distributee of a decedent's estate may be a 'successor' of an estate that has been distributed and thus can be a proper party").

## CONCLUSION

For the reasons set forth above, plaintiffs respectfully request that the Court grant this motion and substitute D & G Apartments as a plaintiff in this action in place of the deceased Eileen Kothe. In the alternative, Glen Kothe moves that he, as personal representative of the estate of Eileen Kothe, be named as plaintiff in this action.

Dated: May 18, 2005

**Filed Electronically**

**s/Jeff H. Eckland**

Jeff H. Eckland
Mark J. Blando, Of Counsel
ECKLAND & BLANDO LLP
700 Lumber Exchange
10 South Fifth Street
Minneapolis, MN 55402
Tele: 612-305-4444
Fax: 612-305-4439

*Attorneys for Plaintiffs and for moving party D & G Apartments*