IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRASS VALLEY TERRACE, A CALIFORNIA LIMITED PARTNERSHIP, et al., | ) | |
| Plaintiffs, | ) | No. 98-726C; 98-7264C (Chief Judge Damich) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUBSTITUTION OF PLAINTIFF**

In response to defendant's February 17, 2005 suggestion upon the record of the death of the plaintiff in Case No. 98-7264C, Eileen Kothe, plaintiffs have moved for the substitution of the partnership D & G Apartments ("D&G") as a plaintiff in this action in place of Ms. Kothe. The stated basis for substituting D&G is that

> D&G Apartments is a proper party to pursue the claims of plaintiff Eileen Kothe under RCFC 17(b) because the partnership currently is and always has been the owner of the two properties at issue. Indeed, D&G Apartments would have been a proper plaintiff at the time that this action was filed.

Pl. Mot. 2, ¶ 6. However, whatever claim D&G may possess in its own right as owner of the properties at issue, plaintiffs fail to explain how ownership of these properties makes D&G a proper party to pursue the claims of plaintiff Eileen Kothe.[1] Plaintiffs do not contend that D&G is a representative of Ms. Kothe's estate or a successor to Ms. Kothe or her estate in any respect.

Indeed, it appears from plaintiffs' assertions concerning D&G that the claims pleaded by Ms. Kothe and any claims D&G may possess are inconsistent with each other. The complaint alleges that Ms. Kothe herself entered into contracts with the Government with respect to these

---

[1] We do not address either the merits or timeliness of any claim D&G might assert or whether such a claim would be timely, because no such claim has yet been asserted.

properties in question. Complaint ¶ 11.1. The complaint describes the properties as "D&G Apartments #1" and "D&G Apartments #2, id., but fails to mention the existence of a partnership, by the name of D&G Apartments or any other name, much less allege that D&G owned the properties in question or that there was any contractual relationship between the Government and D&G. In sum, the claims pleaded in the complaint cannot be construed as claims on behalf of a partnership for breach of a contract with the partnership, or for a taking of the partnership's property. The claims are unmistakably pleaded as Ms. Kothe's own. D&G is plainly not a successor to these claims, nor a proper representative of Ms. Kothe or her estate with respect to these claims.

In the alternative, plaintiffs request that Glen Kothe be substituted as a plaintiff, in his capacity as personal representative of the estate of Eileen Kothe. We do dispute that the personal representative of Ms. Kothe's estate is the proper person to substitute in place of Ms. Kothe as the named plaintiff in this case. However, plaintiffs' motion to substitute undermines the jurisdictional basis for entertaining Ms. Kothe's contract claim, and negates the merits of both her contract claim and her takings claim, whether these claims are pursued in her name or in that of an appropriate successor.

According to plaintiffs' motion and supporting documents, D&G, not Ms. Kothe, contracted with the Government, and D&G, not Ms. Kothe, was the owner of the properties in question. See Pl. Mot. 1-2, ¶¶ 1-3; Pl. Mot. Exhibits A, B. Absent privity of contract between Ms. Kothe and the Government, Ms. Kothe's contract claim must be dismissed for lack of jurisdiction. First Hartford Corporation Pension Plan & Trust v. United States, 194 F.3d 1279, 1289 (Fed. Cir. 1999); Cienega Gardens v. United States, 194 F.3d 1231, 1239 (Fed. Cir. 1998), cert. denied, 528 U.S. 820 (1999); Erickson Air Crane Co. of Wash. v. United States, 731 F.2d 810, 813 (Fed. Cir. 1984). Nor can Ms. Kothe's takings claim be sustained; "[i]n order to state a

claim for a taking under the fifth amendment's just compensation clause, the plaintiff must establish that it was the owner of property [allegedly taken] . . . ." Alliance of Descendants of Tex. Land Grants v. United States, 27 Fed. Cl. 837, 842 n.4, aff'd, 37 F.3d 1478 (Fed. Cir. 1994), quoting Shanghai Power Co. v. United States, 4 Cl. Ct. 237, 239-40 (1983), aff'd, 765 F.2d 159 (Fed. Cir. 1983). See Adams v. United States, 391 F.3d 1212, 1218 (Fed. Cir. 2004) ("[i]n evaluating a takings claim, . . . [f]irst, we determine whether the claimant possessed a cognizable property interest in the subject of the alleged taking").

For the foregoing reasons, plaintiffs' motion to substitute should be denied, and the claims asserted by Ms. Kothe should be dismissed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/David M. Cohen**
DAVID M. COHEN
Director

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:
Michael S. Dufault
Kenneth S. Kessler
Commercial Litigation Branch
Civil Division
Department of Justice

**Filed electronically**

June 6, 2005